NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARIFF EDWARDS, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : <br> : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil No. 09-3831(DMC) <br> Crim. No. 08-318 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon *pro se* Petitioner Shariff Edwards's ("Petitioner") motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds of ineffective assistance of counsel. The Court has reviewed the submissions of the parties, and for the reasons set forth below, Petitioner's request for relief is **denied**.

### I.  FACTUAL BACKGROUND

On February 14, 2008, the United States Attorney for the District of New Jersey filed a complaint charging Petitioner with conspiracy to distribute and possess with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 846.[1]  If convicted under said charge, Petitioner faced a mandatory minimum term of imprisonment of five years; under the United States Sentencing Guidelines Advisory Range, he would have faced a range of approximately 22-27 years. On March 25, 2008, Petitioner entered into a written plea agreement with the Government, wherein the Government accepted a plea to a reduced charge:  use of a communications facility to facilitate

---

[1] The facts in the Background section have been taken from the parties' submissions.

the commission of a conspiracy to distribute and possess with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 843(b). As a result of the reduced plea, Petitioner faced a maximum term of imprisonment of four years.

The relevant portions of Petitioner's written plea agreement included explicit language directing that the Guidelines Offense Level applicable to Petitioner would be Level 27, and an agreement between the parties that they would "not seek or argue for any upward or downward departure, or variance not set forth" within the agreement. Plea Agreement "Plea Ag." at 7. In addition, Petitioner voluntarily waived his "right to file any appeal, any collateral attack, or any other writ or motion, including . . . a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guideline offense level of 27." Plea Ag., at 3-4. In accordance with the terms of the plea agreement, on April 23, 2008, Petitioner entered a plea of guilty before this Court to the reduced charge. During the course of the proceeding, the Court undertook an extensive colloquy with Petitioner to ensure he understood that he was waiving certain rights to appeal or collaterally attack his sentence. See Plea Hearing Transcripts ("Tr."), at 16. Petitioner responded affirmatively to each inquiry.

At sentencing on August 13, 2008, this Court determined Petitioner's total offense level to be 27. Since Petitioner was in Criminal History Category VI due to his status as a career offender, his Guidelines sentencing range was 130 to 162 months. This Court sentenced Petitioner to 48 months imprisonment and 1 year supervised release.

Thereafter, on August 3, 2009, Petitioner filed the instant motion, alleging ineffective assistance of counsel.

## II. DISCUSSION

Petitioner argues, for the first time, that his attorney was ineffective during the sentencing phase of his case by failing to fully pursue a downward medical departure from the United States Sentencing Guidelines Advisory Range based upon his alleged serious medical needs, and failing to challenge the Government's characterization of Petitioner as a career offender based on his prior convictions.

Petitioner's arguments are unfounded as he has **(A)** waived his right to collaterally attack his sentence, and **(B)** failed to present a coloarable claim for ineffective assistance of counsel under Strickland v. Washington.

### A.  Waiver of Right to Collateral Attack

Petitioner waived his right to collaterally attack his sentence when he entered into the plea agreement.

The Third Circuit Court of Appeals has held that "[w]aivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." United States. Khattak, 273 F.3d 557, 563 (3d Cir. 2001).  In order to determine whether enforcing a waiver will result in a miscarriage of justice, a court may consider "[t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. at 563.[2]

Here, Petitioner's explicit waiver precludes him from bringing the instant motion. Not only

---

[2] In making these determinations, the Third Circuit chose not to "earmark specific situations," but rather endorsed the First Circuit's considerations discussed in U.S. v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001).

did Petitioner voluntarily sign the plea agreement expressly waiving all his rights to collaterally attack his sentence, he also acknowledged at the plea hearing that he understood the consequences of his waiver. Furthermore, as the Government correctly points out, Petitioner's sentence of 48 months falls far below the Guideline Range that resulted from the Guideline Offense Level of 27 and his Criminal History Category VI, which resulted in a Guideline Range of 130 to 162 months. As a result, Petitioner received the benefit of the bargain and plea when he agreed to a reduced sentence in lieu of any right to collaterally attack that same sentence. Consequently, given the absence of facts sufficient to demonstrate a "miscarriage of justice," Petitioner cannot override his express waiver to collaterally attack his sentence.

### B.   Ineffective Assistance of Counsel

In addition to waiving his right to collaterally attack his sentence, Petitioner has not raised a colorable claim for ineffective assistance of counsel. In light of the Constitutional implications of such a claim, the Court will address Petitioner's arguments even though it has already determined that Petitioner waived any right to collateral attack.

In order to succeed in an ineffective assistance of counsel argument, Petitioner must meet both prongs of the test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must first demonstrate that his attorney's performance was deficient, by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. More specifically, "[a] constitutionally deficient performance is one that falls 'outside the wide range of professionally competent assistance.'" Arroyo-Angulo v. United States, 961 F.Supp. 698, 700-01 (D.N.J. 1997) (quoting Strickland, 466 U.S. at 690). Next,

Petitioner must show that he was prejudiced by that deficient performance. To demonstrate such prejudice, Petitioner must show "that counsel's errors were so serious as to deprive the [Petitioner] of a fair [proceeding] . . . whose result is reliable." Strickland, 466 U.S. at 687. "Prejudice from deficient performance is shown where: 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Arroyo-Angulo, 961 F.Supp. at 701 (quoting Strickland, 466 U.S. at 694).

"The burden of proof rests with the [P]etitioner" to satisfy both prongs of the test. Id. (citing McNeil v. Cuyler, 782 F.2d 443, 448 (3d Cir. 1986), cert. denied, 479 U.S. 1010 (1986)). This burden is not met where a petitioner presents only "vague and conclusory allegations...Rather, he must set forth facts to support his contention." Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991). The Strickland test "applies both to convictions after trial as well as to convictions based upon guilty pleas entered by defendants." Manzo v. United States, 2009 WL 2365989, at *2 (D.N.J. July 31, 2009) (citing Strickland, 466 U.S. at 687). Finally, courts must be highly deferential in evaluating the performance of counsel due to the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

In the instant case, Petitioner's argument that his attorney rendered ineffective assistance during the sentencing phase of his case is without merit. Petitioner essentially argues that his attorney was ineffective for abiding by the terms of the plea agreement when it came time for this Court to impose a sentence. Such conduct cannot be construed as rendering of ineffective assistance of counsel, particularly where Petitioner stated under oath that he understood the terms of the plea agreement and entered into it voluntarily. Plaintiff cannot satisfy the first prong of the Strickland test.

Even if Petitioner's groundless allegations indicated that his counsel's performance was somehow deficient (they do not), the evidence does not indicate that Petitioner was prejudiced by any failure on the part of his attorney to raise additional arguments in direct contradiction of the plea agreement.  In fact, had counsel attempted to raise any arguments challenging the terms of the plea agreement at the time of sentencing, the Government likely would have perceived this as a direct contravention of the agreement, and Petitioner's opportunity to plead to the lesser charge may have been revoked.  Petitioner has, therefore, failed to show that his attorney rendered ineffective assistance of counsel within the meaning of Strickland.

### III.  CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255 is **denied.**

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Original:     Clerk
cc:           All Counsel of Record
              File